## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| | ] | **COMPLAINT** |
| | ] | **JURY TRIAL DEMAND** |
| **v.** | ] | |
| | ] | |
| **MASTER MARINE, INC.,** | ] | |
| | ] | |
| **Defendant** | ] | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Elskin Nye. As alleged with greater particularity in paragraph 11 (a)-(h) below, the United States Equal Employment Opportunity Commission alleges that Defendant Master Marine, Inc. ("Master Marine" or "Defendant") violated Title VII by subjecting Elskin Nye to materially adverse action in unlawful retaliation for Nye's Title VII protected activity.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Alabama, Mobile Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant was an Alabama corporation doing business in Mobile County, Alabama, and has continuously had over 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit, Nye filed a charge with the Commission alleging violations of Title VII by Defendant.

7.     On March 12, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in

the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.      On May 7, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.      All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

11.      On or about July 6, 2016, Defendant engaged in unlawful employment practices in Bayou La Batre, Alabama, in violation of Section 704(a) of Title VII, 42 U.S.C. 2000(e)-3(a). Specifically, Defendant retaliated against Nye by terminating his employment because he filed an EEOC Charge of Discrimination against Defendant in 2014.

(a)      Nye, while working for Platinum, a temporary staffing agency, filed a Charge of Discrimination in July 2014 against Defendant, alleging Defendant had ended his assignment due to his race, age, and disability.

(b)      The charge was dismissed in September 2015.

(c)      On June 22, 2016, Nye was assigned by Ameri-Force Craft Services, Inc., a staffing agency, to work for Defendant as a First-class Painter/Blaster.

(d)      Nye worked for 14 days, until July 6, 2016, when he was informed by his Foreman A.J. Williams that his services were no longer needed, and that he was being laid off.

(e)      According to Williams, who is no longer employed by Defendant, he heard management mention Nye's name during a meeting, stating that Nye had "sued the company" and "cost the company a lot of money."

(f)     Once the meeting was over, Williams was instructed by his supervisor, Charles "Jody" Krause, to "get rid of that m*****f****r, he cost us a lot of money. Don't let him make it through the day."

(g)     Williams did as he was instructed and told Nye he was being laid off because he was no longer needed.

(h)     At least six other First Class Painters/Blasters who were working for Defendant through Ameri-Force who did not engage in protected activity were not terminated when Nye was terminated. They worked an additional period of time ranging from one to seven weeks longer than Nye.

12.     The effect of the practices complained of in paragraph 11 (a)-(h) above has been to deprive Nye of equal employment opportunities and otherwise adversely affect his status as an employee because of retaliation.

13.     The unlawful employment practices complained of in paragraphs 11 (a)-(h) above were intentional.

14.     The unlawful employment practices complained of in paragraphs 11 (a)-(h) above were done with malice or with reckless indifference to the federally protected rights of Nye.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation against employees who engage in protected Title VII activities, including discharging employees in retaliation for protected conduct.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of its past and present unlawful employment practices, including past and present unlawful retaliation in violation of Title VII.

C.      Order Defendant to make Nye whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement or front pay in lieu thereof.

D.      Order Defendant to make Nye whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in 11 (a)-(h) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses in amounts to be determined at trial.

E.      Order Defendant to make Nye whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 11 (a)-(h) above, including compensatory damages, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses, in amounts to be determined at trial.

F.      Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 11 (a)-(h) above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity
Commission
131 M. Street E.
Washington, DC 20507

MARSHA RUCKER (PA Bar No. 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile: (205) 212-2041